

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE FRANKLIN, JR. | CIVIL ACTION |
| VERSUS | NO. 05-3713 |
| STATE OF LOUISIANA, ET AL. | SECTION "R" (3) |

### REPORT AND RECOMMENDATION

Plaintiff, Willie Franklin, Jr., a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Office of the Clerk of Court for the Thirty-Second Judicial District Court, the Office of the Terrebonne Parish District Attorney, and Terrebonne Parish. In his complaint, plaintiff claims that the defendants have failed to respond to his request for public records.

Plaintiff filed the instant lawsuit *in forma pauperis*.[1] Section 1915(e)(2)(B), which governs actions filed *in forma pauperis*, provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

---

[1]  Rec. Doc. 2.

Additionally, plaintiff is a state prisoner[2] and the named entities are governmental defendants. Section 1915A(b), which governs actions filed by prisoners against governmental entities, officers, and employees, provides:

> On review, the court shall ... dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The Court has broad discretion in determining the frivolous nature of the complaint. Thompson v. Patterson, 985 F.2d 202, 205 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993). Broadly reading plaintiff's complaint,[3] the Court finds that plaintiff's complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[2] Plaintiff is a state prisoner incarcerated at the LaSalle Correctional Center, Olla, Louisiana. Rec. Doc. 1, Complaint, p. 3.

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

As a preliminary matter, the Court notes that plaintiff has sued no proper defendants. The Eleventh Amendment protects the State of Louisiana from any claim asserted by plaintiff in this lawsuit. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002).[4] Further, neither the Terrebonne Parish District Attorney's Office nor the Office of the Clerk of Court for the Thirty-Second Judicial District Court is a legal entity capable of being sued. See Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."); Cott Index Co. v. Jagneaux, 685 So.2d 656 (La. App. 3rd Cir. 1996) ("[A] clerk of court is a political entity which is incapable of suing and being sued. ... The office of the clerk of court has no legal status and is simply the functional organization by and through which the clerk of court carries out his/her official duties."). Lastly, because plaintiff does not allege that the alleged violation of his rights resulted from an official policy or custom, Terrebonne Parish is not a proper defendant. See Spiller v. City of Texas

---

[4] In Cozzo, the Fifth Circuit held:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 280-81 (quotation marks and citations omitted).

City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997)[5] Moreover, for the following reasons, the Court finds that it would be futile to give plaintiff an opportunity to amend his complaint to attempt to identify a proper defendant, in that he states no cognizable federal civil rights claim.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).

In this lawsuit, plaintiff claims that the defendants have failed to comply with state law regarding the production of public records. However, that claim implicates no federal constitutional or statutory rights and, therefore, he has no right to proceed on that claim under 42 U.S.C. § 1983. Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914, at * 3 (E.D. La. Sept. 24, 1992)

---

[5] In Spiller, the Fifth Circuit noted:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller, 130 F.3d at 167 (quotation marks, brackets, and citations omitted).

4

(Feldman, J.) (inmate's claim that an official violated the Louisiana Public Records Law is based solely in state law and presents no federal constitutional violation cognizable pursuant to § 1983), aff'd, 996 F.2d 306 (5th Cir. 1993). The undersigned has found no law in this Circuit which would elevate state law public records disputes to ones of constitutional dimension. Further, to do so would result in the federal courts becoming embroiled in every such dispute involving prisoners on "fishing expeditions" for documents to use in connection with post-conviction or other such proceedings. Such state law disputes are better and more appropriately left to the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ninth day of November, 2005.

                                                 DANIEL E. KNOWLES, III
                                                 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE FRANKLIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3713** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "R" (3)** |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the failure of plaintiff to file an objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

**IT IS ORDERED** that plaintiff's federal civil rights complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

New Orleans, Louisiana, this _____ day of _____, 200___.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE FRANKLIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3713** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "R" (3)** |

## JUDGMENT

The Court having approved the Report and Recommendation of the United States Magistrate Judge and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that plaintiff's federal civil rights complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

New Orleans, Louisiana, this _____ day of _____, 200___.

_____
**UNITED STATES DISTRICT JUDGE**